# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID# 2405007312 |
| | ) | |
| STEVEN KARPIN, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 13, 2025
Decided: March 13, 2025

## ORDER

This 13th day of March, 2025, upon consideration of defendant Steven Karpin's ("Karpin") motion to suppress, the State's responses, and supplemental filings, it appears to the court that:

1. Karpin is charged with carrying a concealed deadly weapon, driving under the influence ("DUI"), possession of a firearm while under the influence, and several motor vehicle infractions.

2. On May 15, 2024, a Delaware State Police trooper noticed that one of Karpin's headlamps was not working. The trooper did a u-turn and followed Karpin, who eventually pulled into a parking spot at a local restaurant. The trooper approached Karpin and explained the reason for the stop. When asked for his driver's license, Karpin handed over an identification card, thinking it was his license.

3.      While speaking with Karpin, the trooper noted there were signs of possible intoxication, including a strong odor of alcohol and slow and slurred speech. When asked about those possible signs, however, Karpin denied consuming any alcohol prior to driving. Instead, Karpin attributed the smell of alcohol to the fact that there were "a bunch of cans in the back seat" that were "from the shooting range." The trooper asked if Karpin was willing to perform field sobriety tests, but Karpin said that he would not take any tests.

4.      The trooper then asked Karpin to exit his vehicle while the trooper ran Karpin's license. Before the trooper could run the license, Karpin informed the trooper that there was a firearm in his vehicle.

5.      The trooper again asked if Karpin was willing to do any field tests and Karpin again—politely but firmly—stated he would not perform any field tests. Karpin explained that he had "already went down that road before" and that if the trooper wanted to "get on with it" and get a phlebotomist, he could. At that point, the trooper arrested Karpin for DUI. He obtained a search warrant for a sample of Karpin's blood.

6.      Karpin, through counsel, filed a motion to suppress challenging the probable cause set forth in the search warrant. The State filed a response. Although labeled as a four-corners motion to suppress, the motion asserted some of the trooper's observations set out in the search warrant did not match what could be seen

on the officer's body worn camera ("BWC"). For example, Karpin claimed that his speech was not slow and slurred, as claimed in the warrant. At an office conference to discuss whether a *Franks* hearing was needed or whether a four-corners review would suffice, the court gave Karpin an opportunity to supplement his motion to suppress. The parties filed supplements and agreed that the court could view the BWC footage without the need for a hearing. The court has done so, and the matter is ripe for decision.

7.      A defendant bringing a motion to suppress bears the burden of proving by a preponderance of the evidence that he is entitled to relief.[1] A search warrant may only be issued upon a showing of probable cause, which must be demonstrated by a warrant application containing "sufficient facts—viewed under the totality of the circumstances—to allow a neutral magistrate to conclude that there is a 'fair probability' both that a crime will be found in the particular place identified in the warrant."[2]

8.      In the context of a DUI, "probable cause is generally based on the arresting officer's observations of the arrestee . . . ."[3] The officer is not required to

---

[1] *State v. Huntley*, 777 A.2d 249, 253 (Del. Super. Ct. 2000).
[2] *Terreros v. State*, 312 A.3d 651, 661–62 (Del. 2024); *see* U.S. Const. amend. IV; Del. Const. art. I, § 6.
[3] *Rybicki v. State*, 119 A.3d 663, 671 (Del. 2015).

"rule out potentially innocent, alternative explanations for a driver's conduct."[4] It is well settled that:

> [W]hen determining whether a police officer has the requisite level of suspicion to justify a detention or arrest, the expertise and experience of the officer are to be taken into account. Hence, a trained and experienced police officer can develop a justifiable suspicion when an untrained lay person might not. This frequently comes into play when an officer relies upon his sense of smell in suspecting that an illegal substance is present.[5]

9.      In reviewing the magistrate's decision to approve a search warrant this court "has the duty of ensuring 'that the magistrate had a substantial basis for concluding that probable cause existed.' A magistrate's determination of probable cause 'should be paid great deference by reviewing courts' and should not, therefore, 'take the form of a de novo review.'"[6]

10.     Karpin argues that the facts set out in the search warrant do not establish probable cause, and that some of those facts are contradicted by the trooper's interaction with Karpin as seen in the BWC footage. Karpin points out that certain

---

[4] *Id.*

[5] *Houston v. State*, 251 A.3d 102, 114 (Del. 2021).

[6] *State v. Holden*, 60 A.3d 1110, 1114 (Del. 2013) (citing *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983)).

facts are absent to support a finding that Karpin was intoxicated, such as poor driving, trouble exiting the vehicle, or unusual behavior.

11.     Karpin is correct to a point. The warrant mentions the following facts to establish probable cause: strong odor of alcohol, glassy eyes, flushed face, and slowed and slurred speech. Most of these claims were not readily observable on the BWC. While Karpin slurred his speech a few times, it was not significantly slurred. These observations themselves might not have been enough to establish probable cause.

12.     But the search warrant also states that there were numerous empty and crushed beer cans inside the vehicle and in the bed of the truck, undermining Karpin's claim that he had not been drinking. Although these cans could have been old, Karpin's explanation that the odor of alcohol must have been from the cans would indicate recent consumption.

13.     Furthermore, the warrant includes the fact that Karpin refused to perform any field sobriety tests. This court has held that a refusal of tests "may properly be considered in determining probable cause."[7] Likewise, the Delaware Supreme Court found that a "defendant's refusal to submit to testing may be used for any relevant purpose, including to show consciousness of guilt."[8]

---

[7] *State v. Drake*, 2018 WL 7021957, at *1 (Del. Super. Ct. Dec. 21, 2018).
[8] *Church v. State*, 2010 WL 5342963, at *2 (Del. Dec. 22, 2010); *see also Rybicki*, 119 A.3d at 670, 671.

5

14.     Taken together—and with the deference given to the experience and training of the trooper and to the magistrate who approved the search warrant—the facts set forth in the warrant and supported by the BWC are sufficient to establish probable cause.

THEREFORE, Karpin's motion to suppress is DENIED.

**IT IS SO ORDERED**.

/s/ Robert H. Robinson, Jr.

Robert H. Robinson, Jr., Judge

pc:     James Edwards, Esquire
        James Murray, Esquire